IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOUNT HAMILTON PARTNERS, LLC,<br><br>    Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>GROUPON, INC.,<br><br>    Defendant/Counterclaim-Plaintiff. | C.A. 1:11-cv-01268-RGA<br><br>JURY TRIAL DEMANDED |

**DEFENDANT GROUPON, INC.'S ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant GROUPON, INC. ("GROUPON") responds to the Complaint of Mount Hamilton Partners, LLC ("MHP") and Counterclaims as follows.

**PARTIES**

1.      GROUPON lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1 and, on that basis, denies the allegations in Paragraph 1.

2.      GROUPON admits that it is a Delaware corporation and that its principal place of business is at 600 W. Chicago Avenue, Suite 830, Chicago, Illinois 60654.

**JURISDICTION**

3.      GROUPON admits that the Complaint purports to state allegations of patent infringement.

4.      GROUPON admits that this Court has subject matter jurisdiction over this dispute under 28 U.S.C. §§ 1331 and 1338(a).

5.      GROUPON admits that this Court has personal jurisdiction over it in this action. GROUPON denies all allegations that it has committed "tortious acts", including acts of patent

infringement.  To the extent Paragraph 5 states legal conclusions, GROUPON is not required to respond.

## VENUE

6. GROUPON admits that venue is not technically improper in this District, but affirmatively states that the interests of justice and convenience of witnesses and the parties would be better served by transferring this case to the Northern District of Illinois or, alternatively, to the Northern District of California.

## FACTS

7. GROUPON admits that U.S. Patent No. 7,904,334 (the "'334 Patent") is entitled "SYSTEM AND METHOD FOR REDUCING EXCESS CAPACITY FOR RESTAURANTS AND OTHER INDUSTRIES DURING OFF-PEAK OR OTHER TIMES", and was issued on March 8, 2011.  GROUPON lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 7 and, on that basis, denies the remaining allegations in Paragraph 7.

8. This paragraph contains conclusions of law to which no response is required.  To the extent that a response to this paragraph is required, GROUPON denies the allegations in Paragraph 8.

9. GROUPON lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 and, on that basis, denies the allegations in Paragraph 9.

10. GROUPON lacks sufficient knowledge or information form a belief as to the truth of the allegations in Paragraph 10 and, on that basis, denies the allegations in Paragraph 10.

11. GROUPON admits that it operates a service that enables users to register and create an account and that users may purchase vouchers from Groupon for goods or services

offered by certain merchants, wherein the vouchers may provide a promotional value for goods or services offered by a merchant.  GROUPON further admits that vouchers purchased from Groupon are subject to the terms of use provided by the offering merchant and Groupon.  GROUPON further admits that its services are accessible via downloadable applications that are available on Apple iOS and Google Android platforms.  GROUPON specifically denies that it "operates a system to help restaurants and other businesses reduce excess capacity by offering 'Groupons' to its users", and further denies the remaining allegations in Paragraph 11.

12. GROUPON admits that it offers a feature called "NOW!" and that this feature is accessible via Groupon's website, www.groupon.com, and via downloadable applications on Apple iOS and Google Android platforms.  GROUPON admits that vouchers purchased through the "NOW!" feature are subject to the terms and conditions of use provided by the offering merchant and Groupon in connection with the voucher.  GROUPON denies the remaining allegations in Paragraph 12.

13. GROUPON admits that merchants may submit terms of use for vouchers offered through Groupon's service.  GROUPON specifically denies that it "offers to sell to all such businesses an option to include date and/or time restrictions" and further denies the remaining allegations in Paragraph 13.

14. GROUPON lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 and, on that basis, denies the allegations in Paragraph 14.

## COUNT I

### (PATENT INFRINGEMENT)

15. GROUPON incorporates by reference the responses to the allegations set forth in Paragraphs 1 through 14.

16. GROUPON denies the allegations in Paragraph 16.

17. This paragraph contains conclusions of law to which no response is required. To the extent that a response to this paragraph is required, GROUPON denies the allegations in Paragraph 17.

18. GROUPON denies the allegations in Paragraph 18.

19. GROUPON denies the allegations in Paragraph 19.

## GENERAL DENIAL

20. Except as expressly admitted above, GROUPON denies each and every allegation of MHP's claims.

## PLAINTIFF'S DEMAND FOR A JURY TRIAL

21. GROUPON admits that MHP demands a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

22. No response is required for Paragraphs A through G of the Prayer for Relief, which set forth the statement of relief that MHP requests. GROUPON denies any and all allegations of patent infringement contained in the Prayer for Relief, and specifically denies that MHP is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

23. In further response to the Complaint, GROUPON asserts the following Affirmative Defenses. GROUPON reserves all defenses under Rule 8(c) of the Federal Rules of

Civil Procedure, the Patent Laws of the United States and any other affirmative defenses, at law or in equity, including instances of inequitable conduct, that may now or in the future be available based on discovery or any other factual investigation concerning this case or any related action. Any assertion of a defense is not a concession that GROUPON has the burden of proving the matter asserted.

## FIRST AFFIRMATIVE DEFENSE

### (Non-Infringement)

24. GROUPON has not willfully or otherwise infringed and is not infringing the '334 Patent, either directly, indirectly, literally or under the Doctrine of Equivalents, and has not induced or contributed to any activities of another which could possibly constitute an infringement of any valid and enforceable claim of the '334 Patent.

## SECOND AFFIRMATIVE DEFENSE

### (Invalidity)

25. The claims of the '334 Patent are invalid and/or unenforceable for failure to meet requirements of the patent statutes set forth in Title 35 of the United States Code, including but not limited to §§ 101, 102 , 103, and/or 112 thereof.

## THIRD AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

26. MHP has an adequate remedy at law for any alleged infringement of the '334 Patent, and no basis exists for a grant of equitable relief.

## FOURTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

27.  MHP's Complaint and the relief requested therein regarding any asserted claims of the '334 Patent are barred by the doctrine of prosecution history estoppel or disclaimer based on statements, representations, and admissions made during the prosecution of the patent application resulting in the '334 Patent and related or similar patent applications before the United States Patent and Trademark Office.

## FIFTH  AFFIRMATIVE DEFENSE

### (Prior Art Estoppel)

28.  MHP's patent claims are barred in whole or in part by the doctrine of prior art estoppel.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver, Estoppel, Laches, Unclean Hands)

29.  MHP's claims are barred in whole or in part by the doctrines of laches, waiver, estoppel and/or unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Injunctive Relief)

30.  MHP's claims for injunctive relief are barred because MHP has failed to meet the requirements for injunctive relief.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

31.  GROUPON has not engaged in any conduct that entitles MHP to attorneys' fees.

## NINTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

32. On information and belief, MHP lacks standing to assert the '334 Patent.

## TENTH AFFIRMATIVE DEFENSE

### (Damages)

33. MHP's claim for damages for infringement of the '334 Patent should be denied under 35 U.S.C. § 287 with respect to any claim for damages occurring before GROUPON received notice of infringement.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

34. MHP's Complaint fails to state a claim on which relief can be granted.

## COUNTERCLAIMS

GROUPON, INC. ("GROUPON") hereby pleads the following Counterclaims against MOUNT HAMILTON PARTNERS, LLC ("MHP").

## PARTIES AND JURISDICTION

1. GROUPON is a Delaware corporation with its principal place of business in Chicago, Illinois.

2. Upon information and belief, MHP is a Delaware limited liability company with its principal place of business at 201 San Antonio Circle, Suite 290, Mountain View, CA 94040.

3. Subject to GROUPON's defenses and denials, GROUPON's alleged Counterclaims arise under the patent laws of the United States, Title 35 of the United States Code, and the declaratory judgment provisions of Sections 2201 and 2202 of Title 28 of the

United States Code. The Court's jurisdiction over the subject matter of these Counterclaims is based on 28 U.S.C. Sections 1331, 1338(a), 2201 and 2202.

4. This Court has personal jurisdiction over MHP because, among other things, it has consented to jurisdiction by filing the instant case.

5. Venue is not technically improper in this District, but the interests of justice and convenience of witnesses and the parties would be better served by transferring this case to the Northern District of Illinois or, alternatively, to the Northern District of California.

## FIRST COUNTERCLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of the '334 Patent)**

6. GROUPON repeats and realleges each and every allegation in Paragraphs 1 through 5 of these Counterclaims as though fully set forth herein.

7. This is an action for declaratory judgment of non-infringement of any and all valid and enforceable claims of the '334 Patent.

8. As a result of MHP's actions and statements, including the filing of this action, an actual controversy exists between the parties regarding the alleged infringement by GROUPON of any asserted claims of the '334 Patent.

9. GROUPON has not infringed, and is not now infringing, either directly, contributorily or through inducement, either literally or under the Doctrine of Equivalents, any asserted claims of the '334 Patent.

10. GROUPON is entitled to and requests a judicial determination and declaration that it has not infringed and does not infringe any asserted claims of the '334 Patent asserted by MHP in this action.

## SECOND COUNTERCLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity/Unenforceability of the '334 Patent)

11. GROUPON repeats and realleges each and every allegation in Paragraphs 1 through 5 of these Counterclaims as though fully set forth herein.

12. This is an action for declaratory judgment that the '334 Patent is invalid and/or unenforceable for failure to comply with the requirements of patentability specified by 35 U.S.C. § 101, *et seq.*, including without limitation §§ 101, 102, 103, and/or 112.

13. As a result of MHP's actions and statements, including the filing of this action, an actual controversy exists between the parties as to whether there exists any valid claim of the '334 Patent.

14. GROUPON is entitled to and requests a judicial determination and declaration that any and all claims of the '334 Patent asserted by MHP in this action are invalid and/or unenforceable because the alleged invention claimed in that patent fails to satisfy the requirements of patentability specified by 35 U.S.C. § 101, *et seq.*, including without limitation §§ 101, 102, 103, and/or 112.

## REQUEST FOR RELIEF

Wherefore GROUPON prays for judgment in its favor as follows:

a. Dismissing MHP's Complaint with prejudice and denying all relief requested therein;

b. Against MHP on all of MHP's claims asserted in the Complaint;

c. Declaring that GROUPON has not infringed and does not infringe any of the claims of the '334 Patent;

      d.      Declaring that GROUPON has not induced and does not induce infringement of any of the claims of the '334 Patent;

      e.      Declaring that GROUPON has not contributed and does not contribute to infringement of any of the claims of the '334 Patent;

      f.      Declaring that the claims of the '334 Patent asserted by MHP in this action are invalid, void, unenforceable, and without force and effect;

      g.      Declaring that this action is an exceptional case within the provisions of 35 U.S.C. § 285 and that GROUPON is therefore entitled to a recovery of its reasonable attorneys' fees upon prevailing in this action;

      h.      Ordering that GROUPON be awarded all costs and interests incurred in defending this lawsuit;

      i.      Permanently enjoining MHP, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the '334 Patent against GROUPON or any of its parents, affiliates or subsidiaries or any of their respective officers, agents, employees, successors and assigns; and

      j.      Ordering such other and further relief as this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

GROUPON hereby demands a trial by jury on all issues so triable.

| | |
|---|---|
| Dated:  February 17, 2012 | Respectfully submitted, |
| | REED SMITH LLP |
| | */s/ Brian M. Rostocki*  |
| | Brian M. Rostocki (No. 4599) |
| | REED SMITH LLP |
| | 1201 Market Street, Suite 1500 |
| | Wilmington, DE 19801 |
| OF COUNSEL: | Telephone:  (302) 778-7500 |
| | Facsimile: (302) 778-7575 |
| REED SMITH LLP | Email: brostocki@reedsmith.com |
| James T. Hultquist (admitted *pro hac vice*) | |
| 10 South Wacker Drive | |
| Chicago, IL 60606 | |
| Telephone: (312) 207-1000 | |
| Facsimile: (312) 207-6400 | |
| Email: jhultquist@reedsmith.com | |
| | |
| REED SMITH LLP | |
| Khurram Nasir Gore (admitted *pro hac vice*) | |
| 2500 One Liberty Place | |
| 1650 Market Street | |
| Philadelphia, PA 19103 | |
| Telephone: (215) 851-8100 | |
| Facsimile: (215) 851-1420 | |
| Email: kgore@reedsmith.com | |
| | *Attorneys for Defendant Groupon, Inc.* |

**JURY TRIAL DEMANDED**

Pursuant to Federal Rule of Civil Procedure 38(b), GROUPON demands a trial by jury on all counts of the Complaint, the Answer and Counterclaims so triable.

Dated: February 17, 2012

Respectfully submitted,

REED SMITH LLP

*/s/ Brian M. Rostocki*
Brian M. Rostocki (No. 4599)
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
Email: brostocki@reedsmith.com

OF COUNSEL:

REED SMITH LLP
James T. Hultquist (admitted *pro hac vice*)
10 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 207-1000
Facsimile: (312) 207-6400
Email: jhultquist@reedsmith.com

REED SMITH LLP
Khurram Nasir Gore (admitted *pro hac vice*)
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
Telephone: (215) 851-8100
Facsimile: (215) 851-1420
Email: kgore@reedsmith.com

*Attorneys for Defendant Groupon, Inc.*

## CERTIFICATE OF SERVICE

I, Brian M. Rostocki, hereby certify that on February 17, 2012, I served *Defendant Groupon Inc.'s Answer, Affirmative Defenses and Counterclaims to Plaintiff's Complaint* by the means indicated below upon the following counsel of record for the Plaintiff:

| **VIA E-MAIL** | **VIA ECF AND E-MAIL** |
|---|---|
| James G. Gatto, Esquire | Joseph J. Farnan, Esquire |
| PILLSBURY WINTHROP SHAW PITTMAN LLP | Brian E. Farnan, Esquire |
| | FARNAN LLP |
| 1650 Tysons Boulevard, 14th Floor | 919 N. Market Street, 12th Floor |
| McLean , V22102-4856 | Wilmington, DE 19801 |
| james.gatto@pillsburylaw.com | farnan@farnanlaw.com |
| | bfarnan@farnanlaw.com |

Dated: February 17, 2012

*/s/ Brian M. Rostocki*
Brian M. Rostocki (No. 4599)
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE  19801
Telephone: (302) 778-7500
Fax:  (302) 778-7575
brostocki@reedsmith.com

*Counsel for Defendant Groupon, Inc.*